ISAAC UNDERHILL

*v.*

THOMAS GAFF *et al.*

</div>

1. ASSUMPSIT—*common counts—recovery under.* Where a party sold to another a large amount of hay, delivered only a part, but received the money for the full amount, as he was fulfilling his part of the contract; and, after the time for the delivery, as understood by the parties, had expired, the purchaser made out and

presented an account, showing the amount of the hay delivered, money advanced, and the balance coming to the purchaser for money over-advanced, and the seller admitted it to be correct: *Held*, that the purchaser could sue and recover such balance under the appropriate common counts in assumpsit.

2. ACCOUNT—*balance—interest.* In such a case, the parties having balanced the account, the purchaser is entitled to recover interest on the balance ascertained and admitted to be correct.

APPEAL from the Circuit Court of Woodford county; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

The facts in this case are fully stated in the opinion.

Mr. D. McCULLOCH, for the appellant.

1st. When there has been a part performance of the contract by the defendants, the money paid on such contract cannot be recovered back on the common counts. 1 Ch. Pl. 355 ; 2 Pars. Con. 4th ed. 192; *Hunt* v. *Silk*, 5 East, 449 ; *Beed* v. *Blanford*, 2 Young & J. 278; *Norton* v. *Young*, 3 Greenl. 30 ; *Peters* v. *Gooch*, 4 Blackf. 515 ; *Selby* v. *Hutchinson*, 4 Gilm. 333 ; *Daggett* v. *Brown*, 28 Ill. 493.

2d. Plaintiffs' right to recover depended on their right to rescind the contract. They cannot affirm in part and rescind in part. See authorities above cited ; also, *Buchanan* v. *Harvey*, 12 Ill. 336 ; *Jennings* v. *Gage*, 13 Ill. 610 ; *Osborn* v. *Stanley*, 35 Ill. 102 ; *Coolridge* v. *Brigham*, 1 Met. 547.

3d. This is not one of the cases where interest is allowed by statute. 1 Purp. Stat. 633 ; *Sammis* v. *Clark*, 13 Ill. 554 ; *Hitt* v. *Allen*, ib. 592 ; *Buckmaster* v. *Grundy*, 3 Gilm. 626.

Mr. ROBERT G. INGERSOLL, Mr. EUGENE McCUNE, and Mr. SABIN D. PUTERBAUGH, for the appellees.

We do not deem it necessary to examine and comment upon the authorities cited by appellant's counsel, more than to say that the law in the cases cited do not fit this case.

1st. An action for money had and received, may be maintained whenever the defendant has obtained money of the plaintiff, which, in equity and good conscience, the defendant has no right to detain. *Taylor* v. *Taylor et al.*, 20 Ill. 650.

2d. The second section of the act of 1845, provides that creditors shall be allowed to receive interest at the rate of six per centum per annum " on money withheld by an unreasonable and vexatious delay of payment." *Purple's Stat.* 633.

In the case of *Newlan* v. *Shafer*, 38 Ill. 379, where the promise was made in September, 1861, and suit was instituted upon it in October following, and judgment rendered against the promissor December 28th, 1864, this court held that " there was such a delay in the payment of the money as warranted the court below in allowing interest on the claim."

In the case of *Sammis* v. *Clark et al.*, 13 Ill. 544, referred to in appellant's brief, the court say : " No fixed rule can be laid down by which to determine in every case what shall constitute such an unreasonable and vexatious delay of payment as will entitle the creditor to interest. This is a question which must necessarily be determined, to a great extent, upon the circumstances of each particular case as it arises." The same doctrine is held in the case of *Hitt* v. *Allen*, referred to.

Again, in the case of *Bishop Hill Colony* v. *Edgerton*, 26 Ill. 54, the court held that interest may be recovered under the statute, upon a sum agreed upon as due.

3d. This court has frequently held, that where substantial justice has been done, even though instructions have been improperly refused, or improper ones given, a judgment will not be disturbed. *Curtis* v. *Sage*, 35 Ill. 22 ; *New England F. & Mar. Ins. Co.* v. *Wetmore*, 32 Ill. 221 ; *Grube* v. *Nichols*, 36 Ill. 92 ; *McCartney* v. *McMullen*, 38 Ill. 237.

Mr. JUSTICE WALKER delivered the opinion of the Court.

This was an action of assumpsit, brought by appellees, in the Woodford Circuit Court, against appellant, to recover a balance of an account. It appears that the parties entered into a contract, by which appellant was to deliver five hundred tons of prairie hay to appellees, on their barges, in Peoria, at $17 per ton. It was to be of first quality, and subject to inspection, by appellees, or their agents, but no time was specified for its delivery. Appellant delivered but four hundred and fifteen tons and eight hundred and seventy-five pounds of hay that was accepted, which, at the contract price, amounted to $7,062.44. Other hay was offered, but rejected, because of its bad condition; it was stored, and, after it dried, a few bales were received, and the balance was disposed of to other parties. Appellees advanced, at different times, $9,500, on the contract. The jury found for appellees the amount overpaid, and interest, and, after overruling a motion for a new trial, the court rendered judgment on the verdict, and the case is brought to this court, and a reversal is asked.

The evidence warranted the jury in finding for the appellees. But it is insisted, that a recovery could not be had under the common counts; that the parties, having made a special contract, when the breach occurred, appellees could only sue specifically for a breach of the contract. The evidence shows, that, at the end of the time it was expected that all of the hay would be delivered, appellees made out an account, showing the various advances that had been made, and giving credits for the hay that had been delivered, with the balance struck, when appellant admitted its correctness, and said that he desired suit to be brought for its recovery, that he might hold Curtis liable. This manifestly terminated the contract, and certainly amounted to a settlement of the transaction, and if what appellee said did not amount to a promise to pay the balance then stated to be due, the law undoubtedly implied a promise. Appellant seems to have made no claim that the contract was subsisting, or that he even desired to proceed to

26—48TH ILL.

its fulfillment, much less did he offer to complete it. He requested a suit to be brought, saying he would interpose no defense, if the evidence may be believed.

Appellant then had in his hands the money of appellees, without the least pretense of right to retain it, and this he did not deny. It is thus seen, that the question of rescission has nothing to do with the case, as both parties treated the contract as abandoned, and ascertained the balance due appellees on its non-fulfillment. They thereby virtually agreed that the contract should be at an end; that appellees should retain the hay, and that there was due them the money advanced beyond the price of the hay delivered under the agreement, and that appellant would pay it when a judgment should be recovered in a suit for the money, to which appellant would make no defense; hence no rescission by appellees was made, but it was, by consent of the parties, abandoned, and nothing to be restored to appellant. Had he desired a restoration of the hay, he would have claimed it when the settlement was made. We, therefore, see no objection to a recovery under the common counts, as such has been the long and well settled practice in such cases.

It is again urged, in favor of a reversal, that the appellees were not entitled to recover interest. Had there been a recovery on the breach of the contract, under a special count, it would be obvious the measure of damages would have been the money received for the hay never delivered, with interest from the time it was received. And no reason is perceived why any different rule should be applied when the recovery is had under the common counts. Appellant has received, and still has, appellee's money, for which he has given nothing in return, and has been, from the time he failed to deliver the hay, if not from the time he received it, holding it wrongfully. And he admitted the amount to be due when the account was presented. The balance was then ascertained, and admitted by appellant; the account was then settled and the balance

drew interest. By the settlement, appellant admitted it to be due, and in such cases interest is always recoverable for its detention.

The judgment of the court below must be affirmed.

*Judgment affirmed.*